278 So.2d 336 (1973)
Herbert Allen PONS, Appellant,
v.
STATE of Florida, Appellee.
No. Q-409.
District Court of Appeal of Florida, First District.
May 8, 1973.
Rehearing Denied June 20, 1973.
*337 Robert A. Harper, Jr., Sp. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., for appellee.
NESBITT, Associate Judge.
The appellant seeks reversal from his judgment of conviction for the crime of escape from a prosecution under F.S. § 944.40, F.S.A.
Appellant contends he is entitled to reversal because of an alleged variance between the gravamen of the information to-wit that he escaped "the lawful custody of the Sheriff of Alachua County" and the evidence adduced showing that he escaped while under actual confinement of the municipal jailer of the City of Gainesville.
Appellant was arrested upon multiple warrants charging him with the crime of forgery by the Sheriff of Alachua County and incarcerated in the Alachua County Jail. He was subsequently transferred for lodging and further confinement to the municipal jail operated by the City of Gainesville. That transfer had been effectuated under an inter-governmental compact between the County of Alachua and the City of Gainesville executed pursuant to F.S. § 125.01(1), F.S.A., in order to alleviate over-crowding at the respective jail facilities. The municipal jailers in charge of the jail from whose actual confinement the evidence shows appellant to have escaped had not been deputized by the County Sheriff.
In denouncing the crime of escape, F.S. § 944.40, F.S.A., does not employ the term "custody"; however, it is settled that in a prosecution thereunder the State must allege and prove that such escape was from "lawful custody", Fulford v. State, Fla.App. 1959, 113 So.2d 572, and Abigando v. State, Fla.App. 1970, 239 So.2d 646.
*338 The definition of custody as found in Webster's New International Dictionary, Second Edition, Unabridged, at page 650 is:
"Judicial or penal safekeeping; control of a thing or person which such actual or constructive possession as fulfills the purpose of the law or duty requiring it; specif., as to persons, imprisonment; ... ."
The transfer of appellant for lodging to the municipal jail under the inter-government compact, was not inconsistent with nor exclusive of the legal custody of the Sheriff. Under that agreement the Sheriff retained the power and ability to control the continued incarceration of the person of the appellant subject to the orders of the Court exercising jursdiction over him. This retained control by the Sheriff satisfied the requirements of lawful custody, albeit constructive in nature so that the escape therefrom was unlawful. People v. Owens, 1969, 236 Cal. App.2d 403, 46 Cal. Rptr. 91; Tucker v. United States, 9 Cir., 251 F.2d 794 (1958); and Frazier v. United States, 119 U.S.App.D.C. 246, 339 F.2d 745 (1964).
Appellant further asserts that the trial court erred in permitting two witnesses for the State, to testify over his objection, whose names had not been furnished to him pursuant to Rule 3.220(e), Rules of Criminal Procedure, 33 F.S.A. The record shows that the State sought to connect lawful custody of the defendant to the County Sheriff by offering parol testimony as to the existence of the inter-governmental compact by which county prisoners were lodged in the Gainesville Municipal Jail. When the defense objected to their testimony, based upon the best evidence rule, the State then sought and obtained a short continuance. When the trial resumed the State then sought to lay a foundation for the admission into evidence of the compact, through two witnesses whose respective governmental units had executed the agreement. Their testimony was admitted over appellant's objection and the compact admitted into evidence. Appellant did not request permission to depose the witness nor did he seek any further protective relief as he might under Rule 3.220(g), Rules of Criminal Procedure.
Because of the harmless error statute (F.S. § 924.33, F.S.A.) appellant concedes that non-compliance with the rule promulgated by the Supreme Court will not warrant reversal unless prejudice or harm is affirmatively demonstrated by the record, Richardson v. State, Fla. 1971, 246 So.2d 771. He argues that the foregoing rule has no application without a sufficient record and in this regard insists that the trial court violated a procedural mandate of Richardson, supra, in allowing the questioned testimony without first having "made an adequate inquiry into all of the surrounding circumstances". (p. 775) The record is to the contrary. The trial judge inquired of the state's counsel and determined the State's failure to supply the witness' names to be inadvertent, not a planned stratagem and otherwise not in violation of its continuing duty to disclose such information as required by Rule 3.220 (g), Rules of Criminal Procedure. The inquiry made satisfied the trial court's responsibility under the quoted provision from Richardson, supra, and properly enabled it to evaluate the effect of the contested testimony upon the defendant's ability to prepare for the trial.
A thorough examination of this record leads to the conclusion that in all probability in a new trial the same admissible evidence would not alter the end result, Urga v. State, Fla.App. 1963, 155 So.2d 719. See also Howard v. State, Fla. App. 1970, 239 So.2d 83.
The judgment appealed from is affirmed.
RAWLS, Acting C.J., and JOHNSON, J., concur.