MILLS, Chief Judge.
Dyal appeals from his conviction for escape on the ground that he was not a state, county, or municipal prisoner as defined by Section 944.40, Florida Statutes (1977), at the time of his escape. We affirm.
Dyal was serving a sentence in Lake Correctional Institution under the custody of the State of Florida when federal authorities filed a writ of habeas corpus ad testifi-candum commanding his appearance as a witness in a trial in Jacksonville. Pursuant to that writ the United States Marshal took Dyal from Lake County and, based on an agreement, placed him in the Nassau County Detention Facility. The federal government had no detention facilities in the Jacksonville area and had arranged with Nassau County to hold its prisoners, for a per diem consideration. While in the Nassau County Detention Facility, Dyal escaped and was subsequently recaptured in Las Vegas.
It was charged by information that while in the County of Nassau and State of Florida in lawful custody and having been confined in a penal institution of Nassau County, Florida, to wit, the Nassau County Detention Facility, he did escape from such confinement, contrary to the provisions of § 944.40. He filed a motion to dismiss under Rule 3.190(c)(4), Fla.R.Crim.P., alleging that there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt. He urged in the motion that he was not in state custody because he was in the Nassau County facility pursuant to the federal writ and was under the custody of the United States Marshal. After the motion was denied, Dyal entered a nolo plea expressly reserving the right to appeal the denial of the motion to dismiss and was sentenced, upon prior agreement, to one year and one day consecutive to the sentence he was then under.
Section 944.40 provides:
*869 944.40 Escapes; penalty. — Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
We do not agree with Dyal’s contention that this statute bases the offense on the question of which governmental entity has authorized the particular confinement. In our opinion, it bases it on which governmental entity controls the institution of confinement. In other words, it does not matter whether the defendant is a state prisoner in a state institution, a state prisoner in a county institution, a federal prisoner in a state institution, or any of the other foreseeable combinations. What matters is that the confinement is in a state, county, or municipal institution. Dyal was admittedly confined in the Nassau County Jail and was therefore confined in a county institution.
In Pons v. State, 278 So.2d 336 (Fla. 1st DCA 1973), the defendant was charged with escaping from the “lawful custody of the Sheriff of Alachua County,” but the proof showed that he escaped from the municipal jail of Gainesville. He urged on appeal that his conviction should be reversed because of the variance between the allegation and the proof. The court rejected the claim and found that the transfer from the county jail to the municipal jail was pursuant to an intergovernmental compact and that the defendant was under the constructive custody of the sheriff. Relying on this ease, Dyal contends that he was in the constructive custody of the United States Marshal, just as Pons was under the constructive custody of the sheriff and he did not,- therefore, escape the custody of the state, county, or municipal authorities.
Dyal’s point is not well taken because the court in Pons made it clear that a prisoner may be in joint custody. Pons was lawfully detained under the authority of the county and confined in an institution maintained by the municipality; thus, the county had constructive custody and the municipality had actual custody.
In this case, the circumstances are a little more confusing because Dyal was at all relevant times under lawful judgment and sentence of the State of Florida. He was under actual custody of the State of Florida, then actual custody of the United States Marshal, and then placed in confinement in the Nassau County Jail. Whether the federal authorities maintained constructive custody and could prosecute Dyal is not a question we need to address. Dyal’s own statement of the facts makes it clear that he was confined in a county detention facility, as required by Section 944.40, and none of the facts as stated by him denies the fact that the custody was lawful. The confinement in the county jail under the authority of the United States Marshal is authorized by Section 950.03, Florida Statutes (1977), which specifically authorizes county jailers to receive United States prisoners. Since the custody was lawful and since the escape was from a county detention facility, the undisputed facts establish the offense of escape as defined by Section 944.40.
AFFIRMED.
McCORD and WENTWORTH, JJ., concur.