PER CURIAM.
Defendant Tapia and two co-defendants (Cook and Dearmas) were originally charged by an amended indictment with first-degree murder. Dearmas pled guilty to the charge and became a witness for the State. Tapia and Cook were tried at a joint trial, in which both moved for severance and for suppression of statements each had made to the lead detective in the case. These motions were denied and the case proceeded to trial. At trial, Tapia and Cook exercised their rights to remain silent, however their statements to the lead detective were used against one another without the benefit of cross-examination. Both defendants were found guilty and sentenced to incarceration for life. Tapia was the first to appeal his conviction and sentence to this Court, and the appeal was per curiam affirmed. Tapia v. State, 566 So.2d 1293 (Fla. 3d DCA 1990). Subsequently, co-defendant Cook appealed to this Court on similar grounds, and the case was reversed and remanded for a new trial.[1] Cook v. State, 595 So.2d 994 (Fla. 3d DCA 1992).
At his new trial, Cook took the stand in his own defense. Cook’s testimony exculpated Tapia in the premeditation of the victim’s death and contradicted the testimony of the lead detective and the testimony of Dearmas. Cook was found guilty of manslaughter and sentenced to fifteen years in state prison. After Cook’s trial, Tapia filed a motion for a new trial, pursuant to Florida Rule of Criminal Procedure 3.600(a)(3), on the basis of this newly discovered evidence. The trial court denied the motion and Tapia appealed.
During the pendency of the appeal on the motion for a new trial on the grounds of newly discovered evidence, this Court noted the disparate treatment of Tapia and Cook in their direct appeals, notwithstanding the fact that similar issues were raised. This Court requested that the parties file memorandums of law as to the availability to Tapia of a habeas corpus proceeding on this issue, pursuant to Romero v. State, 637 So.2d 7 (Fla. 4th DCA 1994). Tapia’s memorandum was treated as a petition for habeas corpus and a response was later filed by the state.
We treat this matter as a petition for habeas corpus pursuant to Florida Rule of Criminal Procedure 3.850(h), and find the conflicting opinion of this court in affirming Tapia’s conviction, and reversing Cook’s, when the same error was preserved as to lack of opportunity to take Dearmas’ deposition, constituted a fundamental denial of due process to Tapia, and we therefore set aside his conviction and return the matter to the trial court for a new trial.

. Tapia’s appeal, among other issues, raised the question of whether the trial court erred in allowing Dearmas to testify without giving the defense the opportunity to take his deposition. Cook’s appeal also raised the issue of whether the trial court erred in calling Dearmas to testify without allowing the defense the opportunity to take his deposition, and this court reversed finding the denial of the right to take the deposition to be error.