689 So.2d 410 (1997)
Dorsey A. SANDERS, III, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3401.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
*411 John D. Middleton and R. Mitchell Prugh of Middleton, Prugh & Anderson, P.A., Melrose, for Appellant.
No appearance for Appellee.
PER CURIAM.
Appellant seeks review of the denial of his Rule 3.850 motion for post-conviction relief. Sanders was tried in 1991 and convicted of conspiracy to commit first-degree murder and four counts of first-degree murder. He was sentenced to four consecutive life terms with a minimum mandatory term of twenty-five years for each murder count and ten years for the conspiracy count. There was evidence at trial that the defendant and his stepbrother-in-law, Scott Burnside, plotted with the defendant's father, Dr. Dorsey Sanders, Jr., to murder Joanne Sanders, the defendant's mother and ex-wife of Dr. Sanders, so that Dr. Sanders would not have to pay her money pursuant to a dissolution judgment. Defendant and Burnside hired a "hit man," John Barrett, who went to Joanne's house and, when she was not there, instead murdered her boyfriend, a handyman, and two neighbors.
In the defendant's appeal, five issues were raised by appellate counsel including whether admission of hearsay statements made by John Barrett violated the defendant's rights of confrontation and cross-examination under the Florida and federal constitutions. This court affirmed per curiam the defendant's convictions and sentences without opinion. See Sanders v. State, 613 So.2d 64 (Fla. 5th DCA), cert. denied, 509 U.S. 924, 113 S.Ct. 3041, 125 L.Ed.2d 727 (1993).
Co-defendant Burnside was tried separately on January 12, 1993, four days after the defendant's convictions and sentences were affirmed. Burnside was found guilty, but two and a half years later, this court reversed his convictions in a written opinion. See Burnside v. State, 656 So.2d 241 (Fla. 5th DCA 1995). The court's opinion primarily focused on the fact that Burnside's counsel was ineffective due to a conflict of interest. However, this court also determined that the trial court erred in admitting the testimony of Donald Campbell recounting John Barrett's out-of-court statement that he had killed four people in Florida because it was necessary to do so in carrying out a contract to kill one.
Defendant subsequently filed a petition for writ of habeas corpus in this court, complaining that the identical issue concerning Donald Campbell's hearsay testimony was raised in his appeal, and, since this court had ruled that the admission of the testimony was error in Burnside, he likewise should also be entitled to a new trial. This court denied the habeas petition by unpublished order (Case No. 95-2783).
Defendant then filed an amendment to his pending 3.850 motion thereby raising the same issue concerning the inconsistent appellate decisions in the trial court. The lower court correctly ruled that it did not have jurisdiction to review the claim. In Romero v. State, 637 So.2d 7 (Fla. 4th DCA 1994), the Fourth District was confronted with the situation where different defendants were tried together, appealed separately, and received different results on appeal after raising the same issue. Romero filed a 3.850 motion, *412 which the trial court denied on the basis that "it is the prerogative of the appellate court, not the trial court, to determine whether the appellate court's opinions are inconsistent, and if so, what should be done about it." Id. at 8. The Fourth District held that, in such circumstances, a petition for writ of habeas corpus is the appropriate vehicle to address such inconsistencies. Defendant previously brought this issue to the appellate court but relief was denied. He cannot raise it again in a subsequent 3.850 motion.
The procedural bar we have discussed above might give way if this court were to conclude, after re-reviewing these files, that appellant had been the victim of a manifest injustice, but we find none and affirm.
AFFIRMED.
DAUKSCH, GRIFFIN and THOMPSON, JJ., concur.