GREEN, J.
In his petition for writ of habeas corpus, the petitioner, Roberto Guerra-Villafane, as- *973 serte that his appellate counsel was ineffective in failing to seek appellate review of the trial court’s denial of his requested jury instruction on entrapment. The petitioner maintains, and we agree, that the standard instruction given by the trial court was insufficient under Munoz v. State, 629 So.2d 90 (Fla.1993). We therefore grant the petition and remand for a new trial.
The petitioner was arrested during a sting operation and charged with conspiracy to traffic in cocaine pursuant to section 893.135(5), Florida Statutes (1993). The case proceeded to a trial by jury. The petitioner’s primary defense was that of entrapment. During the jury charge conference, defense counsel requested an instruction on the entrapment defense. The trial court agreed to give the then standard jury instruction for the entrapment defense.[1] The defense counsel objected to the standard jury instruction, arguing that it was incomplete in light of the Munoz decision and offered two other proposed instructions for the court’s consideration. The court overruled this objection and declined to give either of the petitioner’s proposed instructions.
The petitioner was ultimately found guilty as charged and sentenced to fifteen (15) years imprisonment. On his direct appeal to this court, his appellate counsel raised several issues, none of which included the petitioner’s objection to the standard jury instruction given on his entrapment defense. This court affirmed the petitioner’s conviction and sentence. See Guerra-Villafane v. State, 688 So.2d 927 (Fla. 3d DCA 1997). Thereafter, the petitioner filed a writ of habeas corpus and asserted that his appellate counsel was ineffective in failing to raise his challenge to the entrapment jury instruction on his direct appeal. Because this was a meritorious appellate issue, we agree that the petitioner’s appellate counsel was ineffective in failing to raise this issue on the direct appeal. See Middleton v. State, 465 So.2d 1218, 1227 (Fla.1985) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Prior to the enactment of Florida’s entrapment statute, section 777.291, Florida Statutes (1987), the Florida Supreme Court had rejected the federal subjective test for entrapment and adopted instead the basic principles of an objective standard. See Cruz v. State, 465 So.2d. 516, 521 (Fla.1985). In adopting that objective standard, the court propounded the following judicially formulated two-part objective threshold test for determining entrapment as a matter of law:
Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.
Id. at 522. After Cruz, the legislature enacted section 777.201, providing that:
(1) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.
(2) Á person prosecuted for a crime shall be acquitted if he proves by a preponderance of the evidence that his criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.
Based upon the legislative history of this statute, the supreme court thereafter recognized in Munoz that this statute had been *974 enacted to reinstate the federal subjective test rejected in Cruz. See Munoz, 629 So.2d at 96. With the enactment of section 777.201, the Munoz court stated that the following three areas of inquiry are relevant under the subjective test:
The first question to be addressed under the subjective test is whether an agent of the government induced the accused to commit the offense charged. On this issue the accused has the burden of proof and, pursuant to section 777.201, must establish this factor by a preponderance of the evidence. If the first question is answered affirmatively, then a second question arises as to whether the accused was predisposed to commit the offense charged; that is, whether the accused was awaiting any propitious opportunity or was ready and willing, without persuasion, to commit the offense. On this second question, ... the defendant initially has the burden to establish lack of predisposition. However, as soon as the defendant produces evidence of no predisposition, the burden then shifts to the prosecution to rebut this evidence beyond a reasonable doubt.
******
The third question under the subjective test is whether the entrapment evaluation should be submitted to a jury.
629 So.2d at 99.
We conclude that the entrapment instruction given in this case did not adequately satisfy section 777.201 as construed in Munoz and was thus erroneous.[2] See Vazquez v. State, 700 So.2d 5, 14 (Fla. 4th DCA 1997), review granted, 705 So.2d 902 (Fla.1998) (holding that under new formulation announced in Munoz, “we agree that the standard jury instruction does not fairly and correctly present the current state of the law[.]”); see also Ortiz v. State, 654 So.2d 1002, 1003 (Fla. 4th DCA 1995) (holding that on remand, trial court is instructed to give the entrapment instruction mandated by Munoz ). Because we cannot say beyond a reasonable doubt that the erroneous instruction given in this case did not contribute to the jury’s verdict, the error cannot be deemed harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); see also Oliver v. State, 707 So.2d 771, 772-73 (Fla. 2d DCA 1998) (holding trial court’s erroneous instruction on defendant’s principle defense not harmless error). We thus find that the failure to raise this issue on the direct appeal constituted ineffective assistance of appellate counsel and grant the petitioner a new trial.
Reversed and remanded.

. That instruction provided:
On the issue of entrapment, the defendant must prove to you by a preponderance of the evidence that his criminal conduct occurred as the result of entrapment. If you believe that the Defendant was the subject of entrapment. then you should return a verdict of not guilty. If you do not believe the Defendant was the subject of entrapment, if you believe the State has proved the case beyond a reasonable doubt, then you should return a verdict of guilty.

. We note that this instruction was recently amended to comport with Munoz. See Standard Jury Instructions in Criminal Cases, 723 So.2d 123 (Fla.1998).