PER CURIAM.
In the instant case, appellant argues that his conviction and sentence for escape under section 944.40, Florida Statutes (1997), must be vacated because as a civil detainee of the federal Immigration and Naturalization Service (INS), he was not a “prisoner” subject to the statute. We agree and reverse on this issue. We affirm, however, without further discussion appellant’s judgment and sentence for grand theft of an automobile.
Upon appellant’s completing service of a state prison sentence in June 1997, the Department of Corrections released appellant to the custody of the INS pursuant to a federal detainer. Appellant was to be deported in accordance with a previously issued federal order. Pending deportation, appellant and several other such aliens were housed in the Bay County Jail Annex pursuant to a contract between the Corrections Corporation of America (CCA), a private firm that operates the jail, and the INS. In July 1997, appellant and three others absconded from the jail, but they were quickly captured. Whereupon, appellant was charged with escape in violation of section 944.40, Florida Statutes, and grand theft of an automobile. Via a motion to dismiss, appellant argued that the state would be unable to prove the escape charge because the state would not be able to show that appellant was under arrest or a prisoner at the time of the breakout. The motion was denied pretrial and when it was renewed at the beginning of trial and at the close of the state’s case. Appellant also made this precise argument in a motion for judgment of acquittal, which was denied, and when he requested that the jury be instructed on *2 Florida’s legal definition of the word “arrest,” which also was denied. In addition, appellant attempted to present this same theory of defense in closing argument, but the court disallowed it upon the state’s objection. Accordingly, the issue has been preserved for our review.
Appellant was charged with escape under section 944.40, which provides as follows (emphasis added) in pertinent part:
Escapes; penalty. Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree....
The word “prisoner” in turn is defined in section 944.02(5) (emphasis added) as
any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state prison, or penitentiary, or to the custody of the department, as provided by law.
In the instant case, the state correctly conceded below that the second part of the definition of “prisoner” in section 944.02(5), Fla. Stat. was inapplicable. Appellant had completed service of his previous state sentence, and at the time of the breakout he was not under any criminal sentence either federal or state. Thus to charge escape under section 944.40, the state had to allege and show that appellant was a “prisoner” by virtue of his being, at the time of the breakout, “under arrest and in the lawful custody of any law enforcement official.”
In the information, the state alleged that appellant “escaped” at a time when he was in the custody of CCA “as a prisoner for the Immigration and Naturalization Service.” We first note that the state’s use of the word “prisoner” is not determinative here. At trial, an INS employee testified that appellant was an alien under the supervision of INS, that appellant was in the custody of the U.S. Attorney General, that appellant was an INS “detainee” awaiting deportation, that appellant was not being held on any state or federal criminal charges, that appellant met the INS statutory criteria for excludable or deportable aliens, and that appellant had been “arrested” by the INS for deportation. This evidence of appellant’s arrest, however, does not resolve the issue.
In the instant case, the INS official testified that for purposes of deportation appellant had been arrested. Under federal law, INS is empowered to “arrest,” on a warrant by the U.S. Attorney General, and detain aliens pending deportation proceedings. See 8 U.S.C. § 1226 (1996). Grounds for such arrest and detention pending deportation include an alien’s conviction of “an aggravated felony,” which apparently was the basis for the INS deciding to deport appellant.[1] See 8 U.S.C. §§ 1226(a),(c); 1182(a)(2); 1227(a)(2)(A)(iii). Although the INS does have the authority to arrest and prosecute for crimes, the Service’s arrest authority with regard to deportation proceedings is civil in nature. See 8 U.S.C. §§ 1357(a)(2) (authorizing INS administratively to arrest and detain without warrant), 1357(a)(4) (authorizing INS to effect criminal arrest for felony without warrant); United States *3 v. Castillo-Reyna, 2000 WL 246606 (D.Mass.2000) (holding that alien’s initial arrest was under INS’s administrative authority and federal criminal rule (5)(a) requiring that person arrested be taken without unnecessary delay to a magistrate judge was not triggered until INS arrested alien a few days later pursuant to criminal authority on criminal charge of unlawful reentry). The Supreme Court has held that “[a] deportation proceeding is a purely civil action to determine eligibility to remain in this country, not to punish an unlawful entry, though entering or remaining unlawfully in this country is itself a crime.” Immigration and Naturalization Serv. v. Lopez-Mendoza, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (citing 8 U.S.C. §§ 1302, 1306, 1325). It is clear, therefore, that appellant’s arrest by the INS was civil in nature. Appellant was not being held to answer to a federal crime.
With regard to the application of a criminal statute, it is fundamental that a court must construe the statute strictly in favor of the accused. See § 775.021, Fla. Stat. Thus, the question in this case is whether the civil nature of appellant’s arrest and detention precludes his being considered a “prisoner” as defined by section 944.02(5) for purposes of section 944.40. In Kyser v. State, 533 So.2d 285 (Fla.1988), the court stated that “[f]or there to be an escape, there must first be a valid arrest.” There is no Florida statutory or rule definition of “arrest,” but in Melton v. State, 75 So.2d 291, 294 (Fla.1954), the court stated the following:
It is uniformly held that an arrest, in the technical and restricted sense of the criminal law, is the “apprehension or taking into custody of an alleged offender, in order that he may be brought into the proper court to answer for a crime.”
See Elliot v. State, 704 So.2d 606, 610 (Fla. 4th DCA 1997) (citing Melton and stating that charges of escape and resisting arrest have “common element” that “[i]n each, the defendant is alleged to have committed a crime related to a validly effected arrest”). In this case we are confronted with a criminal statute to be strictly construed and with the clear statement in Melton that in the context of the criminal law one under arrest is being held to answer for a crime. See Burgess v. State, 283 So.2d 399 (Fla. 4th DCA 1973) (vacating escape conviction because defendant escaped after conviction but before his sentencing because “prisoner” defined as person both convicted and sentenced); Brochu v. State, 258 So.2d 286 (Fla. 1st DCA 1972) (setting aside escape conviction and sentence where under earlier iteration of statutes “prisoner” was only person “convicted and sentenced” and, although it was undisputed that defendant absconded from convict camp, state never established that defendant was “convicted and sentenced” at that time). To be a “prisoner” under sections 944.02(5) and 944.40, therefore, Florida law requires that the person be “under arrest,” i.e., held with regard to criminal charges. Our narrow construction of this statute is further strengthened by the legislature’s provision of a specific escape statute applicable to persons in long-term care as sexually violent predators, who were committed pursuant to a special, civil commitment procedure upon their release from total confinement. See §§ 394.910-.931, .927, Fla. Stat. Appellant was a federal, civil detainee being held only until he could be deported and not to answer for any crime, either federal or state.
Contrary to the state’s argument, our decision in Dyal v. State, 386 So.2d 868 (Fla. 1st DCA 1980),is not controlling here. Dyal was serving a state sentence when federal authorities pursuant to a writ of *4 habeas corpus removed him from the Lake Correctional Institute and lodged him in the Nassau County Detention Facility pending his appearance as a trial witness in Jacksonville. This court rejected Dyal’s claim that his escape conviction should be vacated because at the time of his escape he was in federal custody and thus not a “prisoner.” The critical fact that distinguishes the instant case from Dyal is that “at all relevant times [Dyal was] under lawful judgment and sentence of the State of Florida.” Id. at 869. He was thus still serving the Florida sentence at the time of his escape from his confinement “in any prison, jail, road camp or other penal institution, state, county or municipal.” See § 944.40. Accordingly, Dyal was a “prisoner” under Florida law. In this case it is undisputed that at the time of the breakout appellant was not serving a sentence for the commission of any criminal offense, either federal or state, and he had not been arrested in regard to any criminal charge. Appellant was at all times only a civil “detainee” of the INS.
Accordingly, we hold that appellant, who was arrested and detained under the civil authority of the INS, was not a “prisoner” as required by the Florida escape statute. Appellant’s conviction and sentence for escape is hereby vacated. We affirm, however, appellant’s conviction and sentence for grand theft.
BOOTH, MINER and VAN NORTWICK, JJ., CONCUR.

. This was the ground on which the INS had determined to deport appellant, and it was ■ the evidence of prior conviction that was correctly excluded by the court’s grant of appellant’s motion in limine.