PER CURIAM.
Jose Cupón petitions for a writ of habe-as corpus, complaining that this court reached conflicting results in his direct appeal and that of his co-defendant. We have jurisdiction, Raulerson v. State, 724 So.2d 641 (Fla. 4th DCA 1999), but find that Cupón is not entitled to relief under the unique circumstances presented here.
Cupón and co-defendant Villegas Alen were tried by a jury and convicted of escape and grand theft of an automobile. This court reversed Villegas Alen’s escape conviction, concluding that the defendant, who was a civil detainee of the Immigration and Naturalization Service at the time of the incident, was not a “prisoner” subject to punishment under section 944.40, Florida Statutes. Villegas-Alen v. State, 25 Fla. L. Weekly D2636, — So.2d -, 2000 WL 1675864 (Fla. 1st DCA Nov.9, 2000), modified on rehearing (Fla. 1st DCA 2001). Cupon’s direct appeal, however, resulted in an affirmance. Cupon v. State, 751 So.2d 572 (Fla. 1st DCA 2000).
*1122 The state argues that the petition should be denied because this court affirmed the conviction in Cupon’s direct appeal on the theory that this issue was not properly preserved for appeal. A recent decision of this court has decided this question to the contrary. Cupon v. State, 783 So.2d 1240 (Fla. 1st DCA 2001). Our examination of this court’s file in Cupon’s direct appeal reveals, however, that this precise issue was not argued as grounds for reversal. Instead, Cupon’s appellate counsel argued that the escape conviction should be reversed because the Bay County jail annex, where Cupón and Villegas Alen were being held, was operated by a private corporation under contract with the county.
The extraordinary habeas corpus remedy set forth in Raulerson is properly limited to those circumstances where the appellate court has reached inconsistent results in criminal cases arising from the same set of facts and presenting the same issues of law. Sanders v. State, 689 So.2d 410 (Fla. 5th DCA 1997); Tapia v. State, 676 So.2d 1059 (Fla. 3d DCA 1996); Romero v. State, 637 So.2d 7 (Fla. 4th DCA 1994). While the appeals of Cupon and Villegas Alen had the former element, the legal issues presented for the court’s consideration were not identical. We therefore conclude that petitioner has not shown entitlement to the relief he seeks.
PETITION DENIED.
BARFIELD, C.J., KAHN and PADOVANO, JJ., concur.