VAN NORTWICK, J.
By a petition for writ of habeas corpus, Jose Cupón seeks reversal of a conviction for escape on the ground that appellate counsel who represented him in the direct appeal of his convictions and sentence was ineffective. For the reasons that follow, we grant habeas relief.
While being detained by the federal Immigration and Naturalization Service (INS) in the Bay County jail, which at that time was being operated by a private corporation, Cupón, Gilberto Villegas-Alen, and others escaped. Following his recapture, Cupón was convicted of grand theft and escape, and this court affirmed, without written opinion, those convictions and the concomitant sentence. Cupon v. State, 751 So.2d 572 (Fla. 1st DCA 2000)(Cupon I). Upon review of the grand theft and escape convictions and sentence of Cupon’s co-defendant, Villegas-Alen, this court overturned the escape conviction on the ground that, because Villegas-Alen was a detainee with the Immigration and Naturalization Service, he was not a “prisoner” subject to conviction for escape under the provisions of section 944.40, Florida Statutes (1997), Florida’s escape statute. Villegas-Alen v. State, 797 So.2d 1 (Fla. 1st DCA 2001).
Given the reversal of his co-defendant’s escape conviction and the resulting remand for re-sentencing on the remaining offense, *304 Cupón filed a motion for post-conviction relief under rule 3.850 Florida Rules of Criminal Procedure, arguing that trial counsel was ineffective for failing to raise the objections which preserved the points on which Villegas-Alen’s escape conviction was reversed on appeal. The trial court denied post-conviction relief finding that trial counsel, in fact, did preserve the issue for appellate review. On review, we affirmed. Cupon v. State, 783 So.2d 1240 (Fla. 1st DCA 2001))(Cupon II).
Thereafter, Cupón petitioned for a writ of habeas corpus seeking relief on the authority of Raulerson v. State, 724 So.2d 641 (Fla. 4th DCA 1999), in which the Fourth District held that, in the case of conflicting decisions from an appellate court involving co-defendants, a habeas petition is the proper remedy by which to seek a reconciliation of those conflicting decisions. We denied habeas relief to Cu-pón, however, finding that in his direct appeal Cupon’s appellate counsel did not argue that, since Cupón was an INS detainee and not a “prisoner,” he was not subject to a conviction for escape under section 944.40, but instead “argued that the escape conviction should be reversed because the Bay County Jail annex, where Cupon and Villegas-Alen were being held, was operated by a private corporation under contract with the county.” Cupon v. State, Dep’t of Corrections, 789 So.2d 1121, 1122 (Fla. 1st DCA 2001)(Cupon III). Thus, we held that the results in the cases of Cupón and Villegas-Alen were not in conflict, because the legal issues presented by each were not identical. Id.
Cupón has again petitioned for a writ of habeas corpus claiming ineffective assistance of appellate counsel for failure to raise the issue, preserved below, that an INS detainee is not a “prisoner” under section 944.40 and, thus, a detainee cannot be convicted of escape. A claim of ineffective assistance of appellate counsel is cognizable in a petition for a writ of habeas corpus. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000). The standard applicable to a claim of ineffective assistance of appellate counsel raised in a habe-as petition mirrors the Strickland v. Washington[1] standard for trial counsel ineffectiveness. See Jones v. Moore, 794 So.2d 579, 583 (Fla.2001); Atkins v. Singletary, 965 F.2d 952, 960 (11th Cir.1992) (applying Strickland test to challenge of counsel’s effectiveness on appeal), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995). As a result, to establish a claim of ineffective assistance of appellate counsel, petitioner must show (i) specific errors or omissions which show that appellate counsel’s performance deviated from the norm or fell outside the range of professionally acceptable performance, and (ii) the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result. See State v. Riechmann, 777 So.2d 342, 364 (Fla.2000).
Cupón has demonstrated a specific error: appellate counsel’s failure to raise the issue on which Villegas-Alen’s escape conviction was reversed. We have already determined that this issue was preserved at trial, Cupon II, 783 So.2d at 1240, and that the issue was not raised by appellate counsel, Cupon III, 789 So.2d at 1122. Appellate counsel’s failure to raise an issue on appeal may constitute ineffective assistance. See Williams v. Singletary, 765 So.2d 107 (Fla. 2d DCA 2000); Guerra-Villafane v. Singletary, 729 So.2d 972 (Fla. 3d DCA 1999). In the case on review, we conclude that appellate counsel’s failure to raise a preserved and meritorious issue *305 caused the representation to fall outside the range of professionally accepted performance. Compare Lowman v. Moore, 744 So.2d 1210 (Fla. 2d DCA 1999)(holding failure to raise on direct appeal the issue that an essential element of the offense was not proved constituted ineffective assistance of appellate counsel).
Cupón has also sufficiently demonstrated prejudice as a result of the deficient appellate representation because he has shown that “there is a reasonable possibility that, but for counsel’s professional error, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052. Had the issue raised in Villegas-Alen been raised in the instant case in a similar fashion, we would have ruled in the same manner we ruled in Villegas-Alen, Cupon’s sentences would have been reversed, and the cause remanded for re-sentencing. Compare Barnes v. State, 779 So.2d 366, 367 (Fla. 2d DCA 2000)(“Had appellate counsel raised the issue, this court would have remanded for resentencing in accordance with the valid laws in effect....”). Thus, the fairness and correctness of Cu-pon’s prior direct appeal has been undermined.
Accordingly, we grant the petition, vacate his conviction for escape, and remand to the circuit court for resentencing of the remaining offense of grand theft.
WOLF, J., CONCURS and MINER, J., DISSENTS.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).