# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-304

_____

ERVIN L. WRIGHT,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition Alleging Ineffective Assistance of Appellate Counsel—
Original Jurisdiction.

September 21, 2020

PER CURIAM.

Petitioner, Ervin L. Wright, presents a timely claim of ineffective assistance of appellate counsel after his sentence was affirmed on direct appeal. *See* Fla. R. App. P. 9.141(d). However, the record fails to support Petitioner's allegations that appellate counsel's performance was deficient.[1] Accordingly, the petition is denied.

_____

[1] The standard for a claim of ineffective assistance of appellate counsel mirrors the *Strickland* standard for ineffectiveness of trial counsel. *Cupon v. State*, 833 So. 2d 302, 304 (Fla. 1st DCA 2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Petitioner's sentence for five counts of armed robbery with a firearm was entered on his open no contest plea. After accepting the plea, the trial court heard testimony and argument at the sentencing hearing. The court then sentenced Petitioner to 25 years in prison with a 10-year mandatory minimum term on each count. *See* § 775.087(2), Fla. Stat. (2011). On direct appeal, this court affirmed without an opinion. *Wright v. State*, 229 So. 3d 324 (Fla. 1st DCA 2016).

Petitioner raises three comments made by the trial judge during the sentencing hearing. Relying on these comments, Petitioner asserts that the sentence was based on his lack of remorse, protestation of innocence, and a predetermined sentence. Petitioner argues that appellate counsel's failure to preserve these comments for appellate review with a motion to correct sentencing errors pending the appeal, as allowed by rule 3.800(b)(2), Florida Rules of Criminal Procedure, constituted deficient performance which resulted in affirmance by this court. However, reading the trial court's comments in context of the entire sentencing proceedings, none of the comments show that the sentence was based on any of the improper factors. Accordingly, appellate counsel's failure to file a motion under rule 3.800(b)(2) was not deficient performance since the record clearly demonstrates that the sentence was not based on the improper factors.[2]

Petitioner also argues that appellate counsel was ineffective for failing to move for correction of the mandatory minimum term due to a defect in the charging document, which omitted the phrase "a firearm" in the recitation of facts. However, the citation to sections 775.087(2) and 812.13(2)(a), Florida Statutes (2011), in the Information, Petitioner's plea form and stipulation to the factual basis for the plea, and discussions during the plea and sentencing hearings, all establish Petitioner's actual notice of the charges against him as well as the mandatory minimum sentence to which he was exposed due to his possessing a firearm during the robbery. The record therefore demonstrates Petitioner's waiver of any deficiency in the charging Information. *See Bradley v. State*,

---

[2] Our records show that on direct appeal, appellate counsel challenged the sentence based on two of the factors alleged here.

3 So. 3d 1168, 1171 (Fla. 2009); *Goldson v. State*, 293 So. 3d 569, 571 (Fla. 1st DCA 2020).

DENIED.

B.L. THOMAS, OSTERHAUS, and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Peter Lombardo, Bradenton, for Petitioner.

Ashley Moody, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Respondent.