FARMER, Judge.
We withdraw our previous opinion and substitute the following. In light of the revised opinion, we deny the motion for rehearing.
Gonzalez was charged by information with trafficking in cocaine in violation of section 893.135(l)(b), Florida Statutes (1989).[1] He moved to dismiss the information, alleging that the criminal activity for which he was arrested was manufactured by a confidential informant and that he was entrapped as a matter of law. The motion to dismiss was denied. At trial, defense counsel stipulated that the police chemist would not have to testify and that the chemist would have testified that the cocaine in question weighed 980.1 grams.
During the charge conference, the trial court observed:
I have a great deal of doubt about whether there are any lesser-includeds in this case with the exception of mere possession of cocaine. There is absolutely no evidence, whatsoever, that jury or any jury could return a verdict of guilty of trafficking in cocaine over 200 and less than 400 or over 28 and less than 200.
[[Image here]]
Someone can persuade me why I should give them a verdict of those two, I know its a difference in the penalty, but that doesn’t necessarily mean it’s a lesser-included.
Over defense counsel’s objection, the court changed the standard jury instruction providing that the state had to prove that the defendant knowingly sold, delivered or possessed cocaine in a quantity of 400 grams or more. The court refused to give that part of the instruction directing the jury to determine whether the quantity involved was in excess of 28 grams but less than 200 grams, or was 200 or more but less than 400 grams. Defendant was convicted of trafficking in cocaine in an amount of 400 grams or more, and was sentenced to be incarcerated for the mandatory minimum of 15 years and fined $250,000. This appeal followed.
In State v. Weller, 590 So.2d 923 (Fla.1991), as here, the defendant challenged the trial court’s refusal to instruct the jury on all three of the trafficking offenses that involve 28 or more grams of cocaine. In reversing, the supreme court said:
In this review, Weller also argues that the trial court erred in refusing to instruct the jury on all three of the trafficking offenses that involve twenty-eight or more grams of cocaine. At first blush, we would be inclined to disagree, since all of these offenses are first-degree felonies. We previously have stated that offenses are not “lesser” if they carry the same penalty. State v. Carpenter, 417 So.2d 986 (Fla.1982). Yet, we are constrained to find error here, because the three offenses carry different minimum penalties, despite their shared status as first-degree felonies. As noted earlier, Florida law provides for a greater mandatory minimum sentence and a greater fine, determined by the quantity of the substance involved in the offense, [citation omitted.] In other words, the two offenses of conspiring to traffic in amounts less than 400 grams are necessarily lesser included offenses of the crime with which Weller was charged.
Thus, before the trial court can impose sentence on a defendant when enhancements of this type are authorized, the trial court must inform the jury that *849 the minimum mandatory punishment for the offense is greater depending upon the quantity of the substance involved. The jury then must determine from the evidence adduced at trial the quantity of contraband involved in the commission of the offense, in effect advising the court as to the appropriate minimum penalty.
Thus, the requested instructions on the amounts less than 400 grams should have been given so the appropriate minimum mandatory sentence could have been imposed, based on the jury’s determination of the amount of cocaine involved. The trial court erred in determining otherwise, [e.s.]
590 So.2d at 927.
The state argues that Weller is in conflict with rule 3.390(a), Florida Rules of Criminal Procedure, which provides that “[ejxcept in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.” In Nixon v. State, 572 So.2d 1336, 1345 (Fla.1990), cert. denied, — U.S. , 112 S.Ct. 164, 116 L.Ed.2d 128 (1991), the supreme court construed rule 3.390(a) to require that the jury be instructed as to the possible penalty only when it is faced with the choice of recommending either the death penalty or life imprisonment. It added that “[a]s to offenses in which the jury plays no role in sentencing, the jury will not be advised of the possible penalties.” Id.
The state suggests a flaw in the supreme court’s rationale in Weller, arguing that the court “overlooked” rule 3.390(a). As someone once observed about the United States Supreme Court when it speaks on the meaning of the United States Constitution, however, the Supreme Court of Florida is infallible because it is final— at least as to matters of Florida law. We should not assume that the court failed to consider the rule; it likely did so and simply found it inapplicable. In the sequence of things, Weller came after Nixon, and we should thus presume that if rule 3.390(a) as construed in Nixon would have changed the result in Weller, the court would have said so.
There is an even more compelling ground for rejecting the state’s argument, however. The court emphasized in Weller that necessarily included offenses are different from permissive lesser included offenses, i.e. offenses which may or may not be included in the offense charged. As the court stressed in Weller:
It is true that an instruction on conspiracy to deliver cocaine is not automatically required as a lesser included offense of conspiracy to traffic in cocaine, because the former is not a necessarily included offense of the latter, [e.o.]
590 So.2d at 926. As the logicians would say, that statement is a “negative pregnant,” by which it is meant that the negation of the one implies the affirmation of the other.
The holding that an instruction on a permissive lesser included offense is not required because it is not a necessarily included offense implies that the instruction would have been required if it had been a necessarily included offense. It is impossible to demonstrate that trafficking in 200 grams of cocaine is not a necessarily included offense in the charge of trafficking in 400 grams. In order to accumulate a mass of 400 grams of something, as a result of acquiring the larger mass, one simply has to have the lesser masses of 28 and 200 grams. The lesser ones are — dare we use the word? — necessarily subsumed in the larger one. If one stands in four feet of water, one simply cannot avoid being in the water at one foot of depth, and so too necessarily for the water at two and three feet in depth.[2]
*850 The right of the defendant to an instruction on necessarily included lesser offenses is now too well established to be doubted at this late date. In State v. Abreau, 363 So.2d 1063 (Fla.1978), the supreme court spoke of the “inherent” power of the jury to return a verdict of guilty as to lesser included offenses. We, ourselves, speaking through Judge Stone, expressly recognized this pardon power in our own Weller decision. Weller v. State, 501 So.2d 1291, 1292 (Fla. 4th DCA 1986), approved in part, quashed in part, 590 So.2d 923 (Fla.1992).
We find no error in the denial of the motion to dismiss, but we reverse for a new trial.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, C.J., concurs.
OWEN, WILLIAM C., Jr., Senior Judge, concurs specially with opinion.

. The penalty for this violation increases as the amount of cocaine involved increases. If the amount is 28 grams but less than 200, the penalty is a mandatory minimum sentence of 3 years with a fine of $50,000. If the amount is 200 grams but less than 400, then the penalty is a mandatory minimum sentence of 5 years and the fine is $100,000. If the amount exceeds 400 grams but is less than 150 kilograms, then the penalty in a mandatory minimum sentence of 15 years and a fine of $250,000.

. Not without some indignation, the state argues that there is no evidence that the amount of cocaine was merely 28 or 200 grams, and therefore there is no evidence that defendant committed the necessarily included lesser offenses relating to trafficking in 28 and 200 grams. As the preceding analysis demonstrates, it might be more correct logically to say that there is no evidence that the amount of cocaine was anything other than 980.1 grams. But that fact hardly yields the conclusion that trafficking in 28 and 200 grams cannot be necessarily includ *850 ed lesser offenses to the charge of trafficking in 400 grams or more.