637 So.2d 7 (1994)
Pablo ROMERO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2321.
District Court of Appeal of Florida, Fourth District.
May 4, 1994.
Clarification Denied June 13, 1994.
*8 Jeffrey S. Weiner of Jeffrey S. Weiner, P.A., Miami, for appellant.
Barry E. Krischer, State Atty., and Leigh Lassiter Miller and Maureen Hackett Ackerman, Asst. State Attys., West Palm Beach, for appellee.
KLEIN, Judge.
We are confronted with a situation in which different defendants were tried together, appealed separately, and were treated disparately by this court. This appellant, whose conviction was previously affirmed, now seeks relief based on our subsequent reversal of the conviction of his co-defendant.
Appellant and a co-defendant were convicted of trafficking in cocaine in excess of 400 grams, a violation of section 893.135(1)(b), Florida Statutes (1989). This statute provided for increasing penalties as the amount of cocaine involved increased. The trial court refused to instruct the jury on the lesser included offenses of trafficking in smaller amounts of cocaine, because the defendants had stipulated that the amount of cocaine involved was 980 grams.
Appellant appealed, arguing that he was entitled to the instruction, and this court affirmed without opinion on July 8, 1992, case number 91-0116, 605 So.2d 86. Co-defendant Gonzalez appealed separately, and ten months later a different panel of this court held that Gonzalez was entitled to a new trial because the court erred in failing to give the lesser included instruction. Gonzalez v. State, 617 So.2d 847 (Fla. 4th DCA 1993).
This is not the first time this has occurred, and, as Judge Letts said in Bourgault v. State, 515 So.2d 1287, 1287 (Fla. 4th DCA 1987), "The result is manifestly unjust, unfair and confounds our search for uniformity."
This court has procedures in place to avoid this very thing, one of which is a notice sent to all counsel which provides:
In criminal cases where multiple defendants participated in a joint trial, the parties shall notify the court of any other appeals, whether pending or already concluded, from the same trial.
In the second appeal, Gonzalez, this notice was filed and this court apparently overlooked it. The notice was not filed in Romero's appeal, although the public defender's motion to withdraw based on a conflict of interest did reflect the fact that there were two appeals arising from this same trial.
The state does not argue that we should reconsider Gonzalez. Nor does it argue that appellant is not entitled to a new trial. The state does suggest that appellant followed the wrong procedure here.
Appellant sought relief by filing a motion under Florida Rule of Criminal Procedure 3.850 in the trial court. As the trial court correctly recognized, however, it is the prerogative of the appellate court, not the trial court, to determine whether the appellate court's opinions are inconsistent, and if so, what should be done about it. The trial court therefore properly denied the motion.
The state recommends, and we agree, that under these circumstances a petition for writ of habeas corpus should be filed directly in the appellate court which has rendered the inconsistent decisions.
Rule 3.850(h) provides:
Habeas Corpus. An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention. (Emphasis added)
Since the trial court cannot resolve the appellate court's inconsistent decisions, this is the type of case in which a rule 3.850 motion in the trial court would be inadequate. *9 Accordingly, a petition for writ of habeas corpus in the appellate court is authorized by rule 3.850(h). We find analogous precedent for this in the fact that relief for ineffective assistance of appellate counsel must be sought by habeas corpus in the appellate court. State v. District Court of Appeal of Florida, First District, 569 So.2d 439, 442 n. 1 (Fla. 1990); Smith v. State, 400 So.2d 956 (Fla. 1981).
We therefore treat appellant's rule 3.850 motion as a petition for habeas corpus, grant the petition, and remand for a new trial.
DELL, C.J., and STONE, J., concur.