PER CURIAM.
This is an appeal by the defendant Samuel White from judgments of conviction and sentences for (1) attempted first-degree murder with a firearm, (2) attempted manslaughter with a firearm, (3) three counts of robbery with a firearm, and (4) attempted robbery. We reverse in part and affirm in part.
First, the defendant contends, and the state agrees, that the defendant’s conviction and sentence for one count of robbery with a firearm of Katherine Sanders must be reversed because there is no evidence that the defendant took any money or other property from the person or custody of Katherine Sanders, and, consequently, the evidence is insufficient to convict for this offense. § 812.13(1), Fla.Stat. (1991); Jackson v. State, 449 So.2d 411 (Fla. 2d DCA 1984); see Arnold v. State, 83 So.2d 105, 108 (Fla.1955). Because the reversal of this conviction may change the sentencing guidelines range in this case, we must reverse the sentences imposed on the remaining convictions so that the defendant may be resentenced on such convictions.
Second, we have examined the remaining points on appeal raised by the defendant and conclude that no reversible error is presented by any of these points. The final judgment of conviction and sentence for armed robbery of Katherine Sanders on count IV of the information is reversed, and the cause is remanded to the trial court with directions to set aside such conviction and sentence and to enter a judgment of acquittal thereon. The remaining final judgments of conviction under review are affirmed, but the sentences imposed thereunder are reversed and the cause is remanded to the trial court with directions to resentence the defendant on these convictions with a corrected sentencing guidelines scoresheet. The defendant need not be present for the resentencing.
Affirmed in part; reversed in part and remanded.