MICKLE, Judge.
Howard L. Gillard, who was convicted of one count of sexual battery and one count of aggravated assault on a person older than 65, appeals the summary denial of his motion filed pursuant to Florida Rules of Criminal *897 Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
In his motion, Gillard alleged three claims of ineffective assistance of counsel. We conclude that Ground One, alleging trial counsel’s failure to seek a continuance, was properly denied for failure to satisfy either prong of the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for analysing an “ineffective assistance of counsel” claim. Ground Three, claiming that during the penalty phase, trial counsel failed to object to an allegedly “illegal sentence,” was properly denied as well. Inasmuch as Gillard has not demonstrated that the sentences imposed are illegal, his attorney was not ineffective for not objecting on that basis upon the imposition of the sentences.
Ground Two, on the other hand, alleged that Gillard’s attorney failed to interview and call several named potential witnesses who, according to the motion, would have helped to establish a consensual-sex defense. Given 1) the specificity of the facts about which those witnesses supposedly would have testified, and 2) the material relevance of their anticipated testimony to the defense’s theory that the victim was known to like younger men, was “going with” Gillard, and held him out as “her man” at the time of the offenses, we conclude that this claim is facially sufficient and was improperly denied summarily. See Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989) (facially sufficient motion alleged that counsel had failed 1) to interview witnesses whose testimony might have cast doubt on defendant’s guilt and 2) to depose alleged kidnapping victim, who would have testified that she had willingly left crime scene with defendant); Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986) (on mot. for reh’g). In its order, the trial court described the trial as essentially a “swearing match” between Gillard, who admitted one act of sexual intercourse but claimed that the victim had consented; and the considerably older victim, who testified that she had no sexual interest in younger men such as Gillard and adamantly denied giving consent. Given the significance of the issue of consent, we cannot agree with the appellee’s argument that there is no reasonable probability that counsel’s omission affected the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, the trial court erred in summarily denying Ground Two of the motion.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WEBSTER and PADOVANO, JJ., concur.