724 So.2d 641 (1999)
Dennis RAULERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0002
District Court of Appeal of Florida, Fourth District.
January 6, 1999.
*642 Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION TO RECALL MANDATE
KLEIN, J.
Although this court has procedures in place to make sure that codefendants in criminal cases raising identical issues are treated consistently, our system did not work in this case because of human error in this court. As a result, one panel of this court affirmed Mr. Raulerson's conviction without opinion. Raulerson v. State, 711 So.2d 557 (Fla. 4th DCA 1998). Several months later, a different panel decided the identical issue, whether there was probable cause for a search, in favor of Mrs. Raulerson and reversed her conviction. Raulerson v. State, 714 So.2d 536 (Fla. 4th DCA 1998).[1]
After our opinion in Mrs. Raulerson's case was published, Mr. Raulerson filed a motion to recall his mandate citing Romero v. State, 637 So.2d 7 (Fla. 4th DCA 1994), in which we granted relief to a codefendant in a criminal case under similar circumstances. Upon learning for the first time that there was a direct conflict between these two cases, we withdrew the mandate in Mrs. Raulerson's case in order to resolve the conflict. After a discussion of the merits at an en banc conference of this court, we are now persuaded that the opinion in Mrs. Raulerson's case was correct and that Mr. Raulerson's conviction should not have been affirmed.
In Romero, we concluded that the proper method for seeking relief by a person in Mr. Raulerson's situation was by petition for writ of habeas corpus in the appellate court. We reasoned in Romero that only the appellate court could resolve the problem created by its conflicting decisions, making a motion for post-conviction relief under rule 3.850(h), which must be filed in the trial court, inadequate.
In the present case, Mr. Raulerson has filed a motion to recall this court's mandate. That procedure would have been appropriate *643 if we had still been in the same term of court in which Mr. Raulerson's conviction had been affirmed. His motion was not filed until August 24, 1998, and our term of court ended on the second Tuesday in July, 1998. § 35.10, Florida Statutes. We do not, therefore, have authority to recall the mandate. See State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla.1981), and Joseph v. State, 447 So.2d 243 (Fla. 3d DCA 1983)(granting relief to a defendant in circumstances similar to Mr. Raulerson by directing the trial court to vacate conviction under rule 3.850).
We therefore treat Mr. Raulerson's motion to recall mandate as a petition for habeas corpus[2], grant the petition, and vacate his conviction and sentence.
WARNER, J., concurs.
SHAHOOD, J., dissents with opinion.
SHAHOOD, J., dissenting.
I dissent for the same reasons that I dissented to reversal of Mrs. Raulerson's conviction.
NOTES
[1] Judge Shahood, who is now on the panel in this case, was not on the original panel which affirmed Mr. Raulerson's conviction. Judge Shahood was assigned by our blind selection system to replace an original panel member who recused because of events occurring after our decision in Mr. Raulerson's case became final.
[2] The motion to recall mandate was filed in case number 97-2453. Upon our treatment of the motion as a petition for habeas corpus, we hereby assign a new case number, 99-0002.