841 So.2d 677 (2003)
Charles David POPE, a/k/a Charles Edward Pope, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3594.
District Court of Appeal of Florida, Fifth District.
April 11, 2003.
*678 Charles David Pope, a/k/a Charles Edward Pope, Lowell, pro se.
No Appearance for Appellee.
PLEUS, J.
Pope appeals the summary dismissal of his petition for writ of habeas corpus. We affirm.
In 1993, Pope was found guilty of kidnapping with intent to commit a felony and robbery in Orange County. His convictions were affirmed but sentences were reversed for resentencing in Pope v. State, 646 So.2d 827 (Fla. 5th DCA 1994). We held that his consecutive habitual offender sentences were illegal because the crimes arose out of the same criminal episode. We remanded for resentencing with directions to sentence Pope to either consecutive sentences within the guidelines or an enhanced habitual offender sentence. Id. On resentencing, the habitual offender sentences were run concurrently.
On January 18,1996, Pope filed a motion for post-conviction relief, which was denied. We per curiam affirmed that order in Pope v. State, 671 So.2d 800 (Fla. 5th DCA 1996).
On February 28, 2001, Pope filed a motion to correct an illegal sentence, making an Apprendi[1] argument. On July 6, 2001, Pope filed a second motion to correct illegal sentence, arguing that he could not be sentenced to life in prison for kidnapping when the jury only convicted him of false imprisonment. He also argued that the trial court erred in upwardly departing without written reasons. Both these motions were denied in an order dated February 19, 2002. This court per curiam affirmed that order in Pope v. State, 816 So.2d 646 (Fla. 5th DCA 2002).
On October 22, 2002, Pope filed a petition for writ of habeas corpus in the circuit court in Marion County, where he is imprisoned. *679 The circuit court dismissed Pope's petition.
On appeal, Pope argues that the trial court erred in sentencing him for kidnapping when the jury found him guilty of false imprisonment. This claim is successive. It was raised in the July 6, 2001 motion to correct illegal sentence, denied by the sentencing court and affirmed on appeal. It also "utterly lacks merit" as the sentencing court found. The verdict form clearly indicates that the jury found Pope guilty of kidnapping with intent to commit a felony.
Pope also argues that the trial court erred in sentencing him as an habitual offender without making written findings. This claim is also successive. Pope raised this argument in his July 6, 2001 motion. In addition, the claim lacks merit. It was not necessary to provide written reasons when sentencing Pope as an habitual offender if the court orally stated the reasons in a judicial proceeding. See, e.g. Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990); Long v. State, 558 So.2d 1091 (Fla. 5th DCA 1990). The record contains a portion of the original sentencing transcript in which the court makes the necessary findings. After reviewing Pope's lengthy criminal record, which includes murder, escape and possession of firearms, and noting that the instant crimes of kidnapping and robbery were committed just five months after getting out of prison, the court found it necessary to sentence Pope as an habitual offender. This finding was sufficient and appropriate.
Next, Pope argues that the habeas court erred in finding that he was correctly sentenced as an habitual offender for a life felony. Pope mistakes a first degree felony punishable by life for a life felony. Pope was properly sentenced as an habitual offender because kidnapping is a first degree felony, not a life felony. See Floyd v. State, 807 So.2d 93 (Fla. 5th DCA 2002).
Pope's claims in this proceeding are untimely, successive and constitute an abuse of process. Accordingly, in order to protect the limited judicial resources available to our judicial system and this court, we prohibit Pope from filing any further pro se pleadings with this court concerning his 1993 conviction and sentence. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
AFFIRMED.
SAWAYA and TORPY, JJ., concur.
NOTES
[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).