934 So.2d 488 (2004)
Carador Donald JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2756.
District Court of Appeal of Florida, Third District.
November 17, 2004.
Weiner & Ratzan and Jeffrey S. Weiner, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before SHEVIN, RAMIREZ and WELLS, JJ.
PER CURIAM.
We reverse the order denying defendant's post-conviction relief motion. The record demonstrates that the court abused its discretion in finding that trial counsel rendered effective assistance. This Court has held that failure to call exculpatory witnesses constitutes ineffective assistance of counsel. Terrero v. State, 839 So.2d 873 (Fla. 3d DCA 2003); Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986). Here, as in Gillard v. State, 697 So.2d 896 (Fla. 1st DCA 1997), the witnesses that trial counsel neglected to call were crucial to the consent defense, which was argued in opening and closing. Given the significance of this defense, and the need for these witnesses, counsel's omission essentially left the consent defense unsubstantiated. We must conclude that there is a "reasonable probability that counsel's omission[s] affected the verdict." Gillard, 697 So.2d at 897. Additionally, as alleged in the motion, the witnesses were subpoenaed, present at trial, and prepared to testify. See Nelson v. State, 875 So.2d 579 (Fla.2004).
Based on the foregoing, we reverse the order denying post conviction relief and remand for a new trial.
Reversed and remanded.