947 So.2d 694 (2007)
Antoine WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-75.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for respondent.

ON MOTION FOR REHEARING TO CORRECT MANIFEST INJUSTICE
PER CURIAM.
The petitioner, Antoine Williams, filed this motion for rehearing to correct *695 manifest injustice. In his motion, Williams argues that our decision, Williams v. State, 914 So.2d 976 (Fla. 4th DCA 2005), in which we per curiam affirmed Williams's judgment and sentence, directly conflicts with our decision, Shennett v. State, 937 So.2d 287 (Fla. 4th DCA 2006), in which we reversed his co-defendant's judgment and sentence and remanded for a new trial on the same ground argued in Williams's initial brief. Because we do not have authority to recall the mandate as we are not in the same term of court in which Williams's conviction was affirmed, we treat Williams's motion as a petition for writ of habeas corpus, grant the petition, and vacate his conviction and sentence. See Raulerson v. State, 724 So.2d 641, 643 (Fla. 4th DCA 1999). The motion to correct manifest injustice was filed in case number 4D04-4303. Upon our treatment of the motion as a petition for writ of habeas corpus, we hereby assign a new case number, 4D07-75.
Antoine Williams appeals his convictions for aggravated fleeing and eluding, attempted burglary as a lesser included offense, and two counts of leaving the scene of an accident. We affirm, without comment, the second claim of error raised on appeal. However, we reverse on the first claim of error because of the admission of testimonial hearsay that violated the Sixth Amendment Confrontation Clause as the United States Supreme Court has construed it in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
The conveyance burglarized was a 2000 Dodge Caravan minivan owned by Allison Brown. Brown parked her auto in an empty row of parking spaces at Plantation Central Park. She took her children to the playground, and within five minutes, a plain-clothes officer told her that someone had broken into her minivan. When Brown returned to the parking lot, she saw that her passenger-side window had been shattered, and there was glass inside and outside of the van. Nothing was missing from inside the Caravan.
At the time that Brown parked her vehicle in the lot, Officers Craig Boermeester and Jeff Young were conducting an undercover surveillance in the park. Each officer was in a different unmarked police car. Boermeester testified at trial; Young did not because he was serving in the armed forces in Afghanistan.
Before Brown arrived at the parking lot, Boermeester saw a Ford Taurus pull up next to a Ford Explorer. He noticed that the driver of the Taurus was a heavy-set black male with short hair, but he could not tell if anyone else was in the Taurus. The Taurus then drove away. Meanwhile, Officer Young followed the Taurus to a different parking lot and took up position on a rooftop so that he could better observe the Taurus. Using his radio, Young notified Boermeester of his position. The Taurus moved and parked next to a red SUV that blocked Boermeester's view of the Taurus.
Over the radio, Young relayed his observations to Boermeester. At trial, Boermeester testified to Young's observations. Williams's defense counsel joined in on the hearsay objection of the co-defendant, Jermaine Shennett, and argued that the proper predicate had not been laid for the spontaneous statement exception. Shennett's defense counsel then joined in on Williams's objection and added a Confrontation Clause objection to the admission of Officer Young's statements to Boermeester. The trial court overruled the objections, ruling that the spontaneous statement exception to the hearsay rule applied. During Boermeester's testimony concerning Young's observations, Shennett's defense counsel objected, raised the *696 "same objection as before," and asked the court to take it as a continuing objection, which the court granted. Williams's defense counsel joined in on the continuing objection.
Boermeester then continued to testify to Young's observations relayed to him over the radio that described the alleged burglary, most of which Boermeester was not in a position to observe. Young told Boermeester that the Taurus backed into the parking space next to Brown's Caravan, so that the two vehicles were passenger side to passenger side. Young then relayed that the passenger of the Taurus got out of the car, crouched down on his knees next to the minivan, threw something at the minivan's window, and the window broke. Young described the passenger as a black male with dreadlocks, wearing a black tank top and black shorts. Young stated that once the window broke, the passenger began rummaging through the minivan, and at this point, marked police cruisers closed in. Young also stated that the passenger got back into the Taurus and the Taurus led the police on a high-speed police chase.
The State then played for the jury a police dispatch tape of communications between Boermeester, Young, and two other officers in which the officers communicated with each other during the high-speed police chase. Again, Williams's defense counsel objected on hearsay grounds, which was joined in by Shennett's defense counsel, who added a Confrontation Clause objection.
Ultimately, the Taurus spun out of control and struck a guardrail. Officer Clark approached the passenger side of the Taurus and identified Shennett as the passenger in the Taurus. The driver of the Taurus, Williams, fled from the vehicle, but was chased on foot by police officers and detained.
On appeal, Williams argues that Young's statements to Boermeester over the radio failed to satisfy the Confrontation Clause requirements of the United States Constitution under Crawford. We agree that the statements were testimonial, that Williams had no opportunity to cross-examine Young, and therefore the statements were inadmissible under Crawford.
In the co-defendant's case, Shennett v. State, 937 So.2d 287, 290 (Fla. 4th DCA 2006), in which Shennett raised the identical issue on appeal, we recently held that Young's statements were hearsay, because the statements were not made "at the trial" and were "offered in evidence to prove the truth of the matter asserted." Furthermore, we held that Young's statements over the radio to Officer Boermeester were "testimonial" under Crawford. Id. at 291. In Shennett, we applied the standard for a "testimonial" statement set forth in Belvin v. State, 922 So.2d 1046, 1050 (Fla. 4th DCA 2006)(en banc), which focuses on the reasonable expectations of the declarant and whether a reasonable person in the declarant's position would anticipate his statement being used against the accused at trial. Id. We explained:
Young was aware that he was in the midst of a surveillance investigation. He knew that his recorded observations would have their place in a criminal prosecution as a contemporaneous record of the criminal conduct of the occupants of the Taurus. Objectively, there was a reasonable expectation that the taped statements would later be used in the prosecution of a crime. Because Shennett did not have the opportunity to cross-examine Young, the admission of the taped statements violated the Confrontation Clause.
Id. at 291-92. As a result, we reversed Shennett's convictions and remanded for a new trial. Id. at 292-93.
*697 Accordingly, because Williams also did not have the opportunity to cross-examine Young and Young's statements relayed to Boermeester over the radio were "testimonial" under Crawford, we conclude that the admission of Young's statements violated the Confrontation Clause. We therefore reverse Williams's convictions and remand for a new trial.
Reversed and Remanded for New Trial.
GUNTHER, FARMER and TAYLOR, JJ., concur.