[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15642
Non-Argument Calendar

_____

D. C. Docket No. 05-21988-CV-PAS

MARLIN J. OUSLEY,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 13, 2008)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Marlin J. Ousley, a Florida prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. Ousley argues that the state trial court erroneously construed his "Motion for Relief from Judgment" as a successive Fla.R.Crim.P. 3.850 motion for post-conviction relief. Ousley asserts that, pursuant to Fla.R.App.P. 9.040(c) (providing that if a party seeks an improper remedy, the cause shall be treated as if the proper remedy was sought), the court should have construed his motion as a petition for state habeas corpus relief. Ousley argues that the state court's finding that his motion was a second Rule 3.850 motion for post-conviction relief cannot form the basis for dismissing the instant § 2254 petition because Fla.R.App.P. 9.040(c) was inconsistently and irregularly applied. He further contends that, had that rule been applied consistently, his motion properly would have been construed as a petition for state habeas relief, and, therefore, would have been "properly filed" so as to toll the one-year limitations period for filing the instant § 2254 petition. For the reasons set forth more fully below, we affirm.

We review de novo the district court's dismissal of a § 2254 petition as untimely. Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). We review the district court's factual determinations for clear error. LeCroy v. Sec'y, Fla. Dep't of Corrs., 421 F.3d 1237, 1259 (11th Cir. 2005). The Antiterrorism and Effective

2

Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations for writs of habeas corpus that runs from, inter alia, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Pursuant to Supreme Court Rule 13.3, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Chavers v. Sec'y, Fla. Dep't of Corrs., 468 F.3d 1273, 1275 (11th Cir. 2006). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Motions under Florida Rule of Criminal Procedure 3.850 have a two-year statute of limitations. Fla.R.Crim.P. 3.850(b).

While the AEDPA does not define the term "properly filed," the U.S. Supreme Court in Artuz v. Bennett held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). The Supreme Court noted "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee" as examples of such laws and rules, and explained that "the question whether

an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." Id. at 9, 121 S.Ct. at 364. Post-conviction motions are considered "properly filed" even if dismissed as successive. Weekley v. Moore, 244 F.3d 874 (11th Cir. 2001). The Supreme Court has held, however, that "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005) (quotation and alteration omitted).

In Sweet v. Sec'y, Dep't of Corrs., we affirmed the dismissal of a § 2254 petition as time-barred, holding that an untimely state post-conviction motion is not "properly filed," and does not toll the one-year federal limitation period even if the state court denied the motion on alternative grounds. 467 F.3d 1311, 1318 (11th Cir. 2006). In that case, the state trial court dismissed Sweet's motion as "untimely and facially insufficient," and, alternatively, as without merit in light of the Florida Supreme Court's rejection of a similar claim in other cases. Id. at 1313-14. The district court dismissed Sweet's § 2254 petition as untimely, finding that his Rule 3.850 motion did not toll the federal limitations period. Id. at 1314. On appeal, citing Artuz and Pace, we held that the state court's alternative finding that Sweet's claim was without merit did not render the Rule 3.850 motion

4

"properly filed" because, "when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims." Id. at 1318.

Here, the record indicates that the limitations period began to run on January 28, 2003, 90 days after the Florida Third District Court of Appeal denied Ousley's motion for rehearing on October 30, 2002. See Nix v. Sec'y for Dep't of Corrs., 393 F.3d 1235, 1236-37 (11th Cir. 2004) (indicating that a Florida prisoner's conviction was final 90 days after the state appellate court affirmed his conviction, during which the prisoner could have sought certiorari review in the U.S. Supreme Court); Ousley v. State, 829 So.2d 226 (Fla. 3d Dist. Ct. App. 2002). On December 17, 2003, Ousley filed a motion for state post-conviction relief, pursuant to Fla.R.Crim.P. 3.850, which tolled the limitations period until October 29, 2004, when the Florida Third District Court of Appeal issued the mandate affirming its denial. See Ousley v. State, 884 So.2d 39 (Fla. 3d Dist. Ct. App. 2004). At the time Ousley filed his Rule 3.850 motion, 323 days of the limitations period had elapsed, leaving him 42 days in which to file a 28 U.S.C. § 2254 petition. Absent another properly filed tolling motion, the limitations period was

5

set to expire on December 10, 2004. Ousley did not file the instant 28 U.S.C. § 2254 petition until July 18, 2005.

The record further indicates that, on November 25, 2004, Ousley filed a "Motion for Relief from Judgment" pursuant to Fla.R.Civ.P. 1.540(b), which the state trial court construed as a second Rule 3.850 motion for post-conviction relief. The Florida Third District Court of Appeal issued the mandate in Ousley's direct appeal on November 8, 2002. Although Ousley's second Rule 3.850 motion was filed while time remained in the one-year limitations period for filing a § 2254 petition, as set forth in 28 U.S.C. § 2244, it was untimely under state law because it was filed more than two years after the Florida Third District Court of Appeal issued the mandate in his direct appeal. See Fla.R.Crim.P. 3.850.

Although we have held that an untimely state post-conviction motion is not "properly filed," and does not toll the one-year federal limitation period even where, as here, the state court denied the motion on alternative grounds, we have only applied this holding in cases where the state court made an "unambiguous finding" that the petitioner's state post-conviction motion was untimely. Sweet, 467 F.3d at 1318. Here, the record indicates that, in the first part of its order denying Ousley's second Rule 3.850 motion, the state trial court found that Ousley failed to allege any new grounds or newly-discovered evidence. In the second part,

6

the state court alternatively found that the motion was successive. Despite the ambiguity in the state court's order regarding the timeliness of the Rule 3.850 motion, however, we need not resolve this issue.

As a preliminary matter, although the state asserts that Ousley failed to address the issue we certified for appeal in his initial brief, liberally construed, Ousley's arguments concerning the state court's characterization of his "Motion for Relief from Judgment" are relevant to determining whether that motion was "properly filed," and, thus, are relevant to determining whether that motion tolled the limitations period for filing the instant § 2254 motion. Ousley's sole argument on appeal is that the state trial court improperly construed his "Motion for Relief from Judgment" as a second Rule 3.850 motion. Ousley asserts that the state court should have construed his motion under either of two statutory frameworks: (1) a state petition for writ of habeas corpus, or (2) a Rule 1.540(b) motion for relief from judgment.

First, as to Ousley's assertion that the state court should have construed his motion as a state petition for writ of habeas corpus, a Florida prisoner may not use a habeas petition to attack his conviction or sentence collaterally. See Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th Dist. Ct. App. 1996); see also Fla.R.Crim.P. 3.850(h) (providing that a habeas petition by a prisoner authorized to

apply for relief pursuant to Rule 3.850 will not be entertained if he has failed to apply for relief to the sentencing court or that court has denied him relief, unless Rule 3.850 is inadequate or ineffective to test the legality of his detention). While habeas relief remains available on several other grounds not applicable to this case, Rule 3.850 is the primary vehicle for post-conviction relief. Leichtman, 674 So.2d at 891-92 & n.1.

Although Ousley asserts that Florida courts have held that a state petition for writ of habeas corpus is the proper remedy for challenging an appellate court's inconsistent application of state law, the cases he cites in support of his claim are factually distinguishable. In Romero v.State, the appellant and his codefendant filed separate appeals, but asserted identical claims. 637 So.2d 7, 8 (Fla. 4th Dist. Ct. App. 1994); see also Raulerson v. State, 724 So.2d 641, 642 (Fla. 4th Dist. Ct. App. 1999). Although the claims on appeal were identical, one panel of the state appellate court affirmed Romero's convictions without opinion, while a later panel reversed his codefendant's conviction. See Romero, 637 So.2d at 8. The appellate court reasoned that the proper vehicle for seeking relief was a petition for writ of habeas corpus in the appellate court, because a Rule 3.850 motion, which must be filed in the trial court, was inadequate. Id.

8

The instant case is not analogous to the situation in <u>Romero</u>.  Ousley was not tried with a codefendant.  Rather, Ousley asserts that the trial court's denial of his failure-to-call-witnesses claim in his initial Rule 3.850 motion was inconsistent with a state appellate court's subsequent decision in <u>Jones v. State</u>, 934 So.2d 488 (Fla. 3d Dist. Ct. App. 2004), a separate, unrelated case that granted a defendant relief on a similar issue.  <u>See</u> <u>Jones</u>, 934 So.2d at 488.  Moreover, Ousley has not presented any evidence to show that his previously filed Rule 3.850 motion rendered that remedy ineffective.  Accordingly, because habeas relief may not be used as a substitute for relief under Rule 3.850, the state trial court properly construed Ousley's "Motion for Relief from Judgment" as a second post-conviction motion, and his claim is without merit.  <u>Leichtman</u>, 674 So.2d at 892.

Second, as to Ousley's contention that his "Motion for Relief from Judgment," if accepted as nominally filed under Rule 1.540(b), would have tolled the limitations period because it was timely filed within one year of the order affirming the denial of his initial Rule 3.850 motion, he concedes that the Florida Supreme Court has held that Fla.R.Civ.P. 1.540(b) does not apply to collateral claims associated with criminal convictions, and has directed state trial courts to construe such filings as motions for post-conviction relief under

Fla.R.Crim.P. 3.850. Steinhorst, 636 So.2d at 500. We have held that "[i]t is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them." Callahan v. Campbell, 427 F.3d 897, 932 (11th Cir. 2005) (quotation omitted). Accordingly, this claim also fails.

Last, although he challenges the state trial court's ultimate characterization of his "Motion for Relief from Judgment," Ousley does not contest and, indeed, appears to concede the fact that his motion, construed as a second Rule 3.850 motion, was untimely under state law. Therefore, "that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414, 125 S.Ct. at 1812. Accordingly, the district court did not clearly err in finding that Ousley's untimely second Rule 3.850 motion was not "properly filed." Therefore, Ousley's "Motion for Relief from Judgment" did not toll the one-year period for filing his § 2254 petition.

In light of the foregoing, the district court's dismissal of Ousely's 28 U.S.C. § 2254 petition is

**AFFIRMED.**