12 So.3d 764 (2008)
Kelvin D. HARRIS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D08-736.
District Court of Appeal of Florida, Third District.
July 9, 2008.
Order Granting Rehearing in Part July 1, 2009.
Kelvin D. Harris, in proper person.
Bill McCollum, Attorney General, for respondent.
Before GERSTEN, C.J., and COPE and SUAREZ, JJ.
PER CURIAM.
By petition for writ of habeas corpus, Kelvin D. Harris ("Harris") asks this Court to reconsider its prior per curiam decision in Harris v. State, 974 So.2d 1076 (Fla. 3d DCA 2008) ("case number 3D07-1463"). Harris claims this Court's opinion *765 constitutes manifest injustice and disparate treatment. We deny the petition.
Initially, we must determine whether habeas relief is appropriate here. An appellate court should correct manifest injustice in habeas corpus proceedings. See e.g., Adams v. State, 957 So.2d 1183 (Fla. 3d DCA 2006). Further, disparate treatment of co-defendants can result in manifest injustice. See Williams v. State, 947 So.2d 694 (Fla. 4th DCA 2007); Romero v. State, 637 So.2d 7 (Fla. 4th DCA 1994). However, inconsistent decisions in separate, unrelated cases do not constitute disparate treatment. See Ousley v. Sec'y for Dep't of Corrections, 269 Fed.Appx. 884, 886-88 (11th Cir.2008).
Harris claims disparate treatment based on allegedly inconsistent decisions of this Court in his case and other separate, unrelated cases. Thus, the claim is not for disparate treatment, and does not warrant habeas relief on that ground. Assuming arguendo that a manifest injustice claim for habeas relief is proper on other grounds, we have re-examined the original file in case number 3D07-1463, and conclude that Harris' claims are without merit.
In 1990, Harris was convicted of armed robbery and armed burglary of a conveyance. The trial court sentenced Harris, as a habitual felony offender, to two concurrent life sentences. This Court affirmed the convictions and sentence on direct appeal. Harris v. State, 594 So.2d 873 (Fla. 3d DCA 1992). In April 1995, Harris began challenging his sentence in various postconviction relief motions. The trial court denied all of these motions, and this Court affirmed. The latest appeal was case number 3D07-1463.
Harris contends that his sentence is illegal because it was imposed when life felonies were not subject to the habitual offender statute. See State v. McBride, 848 So.2d 287 (Fla.2003). Harris, however, was not convicted for life felonies, but for first degree felonies punishable by life. Therefore, he was properly sentenced, as a habitual offender, to a life sentence. Pope v. State, 841 So.2d 677, 679 (Fla. 5th DCA 2003).
Finding no manifest injustice or disparate treatment, we, therefore, deny the petition for writ of habeas corpus.
Petition denied.

ON MOTION FOR REHEARING
PER CURIAM.
We grant Kelvin D. Harris' ("Harris") motion for rehearing in part, and deny in part.
Harris asserts that his written sentence on count one for robbery should be corrected to conform to the trial court's oral pronouncement. Harris is correct. The trial court orally sentenced Harris to sixty years in prison on count one. However, the written sentence shows a life sentence on this count.
Accordingly, we grant Harris' petition in part, and remand this cause to the trial court with instructions to correct the written sentence for count one to reflect the oral pronouncement of sixty years. Harris is not entitled to a new sentencing hearing because he is serving a concurrent life sentence on count two for burglary. See Velez v. State, 988 So.2d 707 (Fla. 3d DCA 2008).
Rehearing granted in part; petition granted in part; remanded with instructions.