DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARTURO GODINEZ,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D15-4749

[June 29, 2016]

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 03-12101CF10O.

Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for respondent.

**ON MOTION FOR CLARIFICATION**

PER CURIAM.

We grant the State's motion for clarification, withdraw our previous opinion, and substitute the following opinion in its place.

Arturo Godinez petitions for habeas corpus relief on two alternative grounds. First, he argues that our affirmance of his racketeering conviction on direct appeal is inconsistent with our subsequent reversal of his co-defendant's conviction. Alternatively, he alleges that appellate counsel was ineffective for failing to raise the issue upon which his co-defendant's conviction was reversed. We grant the petition on the alternative ground of ineffective assistance of appellate counsel and find that Godinez is entitled to a new appeal.

Godinez was charged in a ninety-page indictment, along with seventeen other defendants, with crimes arising from a large-scale scheme to sell adulterated prescription drugs to wholesale distributors. Godinez was

charged with racketeering, conspiracy to commit racketeering, and organized scheme to defraud. To support the racketeering charge, he was accused of participating in various acts of mail and wire fraud. The evidence at trial showed that Godinez and several others provided illegally-obtained prescription drugs to Michael Carlow, who in turn sold the drugs to distributors to be sold to the general public. The scheme was a "rimless hub-and-spoke conspiracy"[1]—the suppliers each worked separately with Carlow and did not have relationships with each other.

Godinez was tried with co-defendant Joel de la Osa. Both defendants moved for judgment of acquittal at the close of the State's case, arguing that due to the nature of Carlow's scheme, they could not be held criminally liable for the acts of the other suppliers. Thus, the evidence did not establish that either of them directly participated in at least two of the predicate acts charged in the indictment, as required by the racketeering statute. The trial court denied the motions. Godinez was convicted as charged and sentenced to three concurrent terms of nine years in prison, to be followed by two years of community control and ten years of probation.

On direct appeal, Godinez's appellate counsel argued that because of the "rimless hub-and-spoke" nature of the conspiracy, the State failed to prove the existence of a single unified enterprise. We affirmed *per curiam*. *Godinez v. State*, 138 So. 3d 1039 (Fla. 4th DCA 2014) (table).

In de la Osa's appeal, counsel also argued that the State failed to prove the existence of an enterprise. Counsel further argued that because of the "rimless hub-and-spoke" nature of the conspiracy, de la Osa was not vicariously liable for the acts of the other suppliers, the other "spokes" from Carlow's "hub." Thus, without that liability, the State failed to prove de la Osa's participation in at least two incidents of racketeering conduct. We agreed on the second point and reversed de la Osa's racketeering conviction. *de la Osa v. State*, 158 So. 3d 712, 722–28 (Fla. 4th DCA 2015), *rev. denied*, 182 So. 3d 631 (Fla. 2015).

In this petition, Godinez argues that our affirmance in his case is inconsistent with our subsequent reversal of de la Osa's racketeering conviction, and therefore his conviction and sentence should be vacated. *See Brumit v. State*, 971 So. 2d 205 (Fla. 4th DCA 2007); *Raulerson v.*

---

[1] *See Kotteakos v. United States*, 328 U.S. 750, 754-55 (1946); *United States v. Seher*, 562 F.3d 1344, 1367–68 (11th Cir. 2009); *United States v. Chandler*, 388 F.3d 796, 807–08 (11th Cir. 2004); *see also de la Osa v. State*, 158 So. 3d 712, 723–24 (Fla. 4th DCA 2015), *rev. denied*, 182 So. 3d 631 (Fla. 2015).

*State*, 724 So. 2d 641 (Fla. 4th DCA 1999); *Romero v. State*, 637 So. 2d 7 (Fla. 4th DCA 1994).

We find that the two decisions are not inconsistent because Godinez's appellate counsel failed to raise the issue upon which we reversed de la Osa's racketeering conviction. Godinez's counsel argued only that the State failed to prove the first element of racketeering, that Godinez was associated with an "enterprise." In *de la Osa*, we expressly found that the scheme in this case satisfied the definition of an enterprise. 158 So. 3d at 722–25. Godinez's counsel did not argue that the State failed to prove the second element, that Godinez participated in a pattern of racketeering activity by engaging in at least two incidents of racketeering conduct. *See* §§ 895.02(4), 895.03(3), Fla. Stat. (2003) (requiring the State to prove (1) association with an enterprise; and (2) participation in a pattern of racketeering activity, defined as engaging in at least two incidents of racketeering conduct). The State's failure to establish a pattern of racketeering activity is the point on which we reversed de la Osa's racketeering conviction.

We therefore grant the petition on the alternative ground of ineffective assistance of appellate counsel. On the record before us, we cannot determine whether the State's evidence at trial was sufficient to establish a pattern of racketeering activity in Godinez's case. Thus, a new appeal is required.

Accordingly, upon issuance of the mandate, this opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence entered December 14, 2011. Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal. The new appellate proceeding authorized by this opinion shall be limited to the issue of whether the State's evidence at trial was sufficient to establish a pattern of racketeering activity in Godinez's case.

*Petition granted.*

WARNER, GROSS and CONNER, JJ., concur.

\* \* \*