May, J.
Ineffective assistance of appellate counsel and the need for consistency in outcomes brings this case back to us through a successful petition for writ of habeas corpus. Godinez v. State, 192 So.3d 1289 (Fla. 4th DCA 2016). Our decision in de la Osa v. State, 158 So.3d 712 (Fla. 4th DCA 2015) dictates the outcome. We reverse.
The State charged the defendant and seventeen others “with crimes arising from a large-scale scheme to sell adulterated prescription drugs to wholesale distributors. [He] was charged with racketeering, conspiracy to commit racketeering, and organized scheme to defraud. To support the racketeering charge, he was accused of participating in various acts of mail and wire fraud.” Godinez, 192 So.3d at 1289.
Evidence revealed the defendant and others “provided illegally-obtained prescription drugs to Michael Car-low[ (“hub”) ], who in turn sold the drugs to distributors [for sale] to the general public. The scheme was a ‘rimless hub- and-spoke conspiracy.’” Id. at 1290. The suppliers worked independently with the hub, but did not work with one another. Id. at 1289-90.
Judge Gross succinctly described the defendant’s role in the scheme in de la Osa.
Like de la Osa, [the defendant’s] role within the scheme was to supply [the hub] with cheap pharmaceuticals .... [A witness] testified that he went to one of [the defendant’s] businesses, a commercial plant nursery, and picked up four large boxes of various pharmaceuticals, including AIDS medications, which were eventually shipped either to ... [a drug wholesaler] or delivered locally.
[[Image here]]
*105 [The defendant] purchased Lupron from doctors who were able to obtain the drug at a twenty percent discount through a business he owned. [The witness] then sold the drugs to another company ....
de la Osa, 158 So.3d at 720-21.
Count I charged the defendant with racketeering. Predicate Acts 2-13 were based on mail fraud. Predicate Acts 14-34 were based on wire fraud. The predicate act counts, whether for mail or wire fraud, grouped the defendants together as part of an “enterprise.”
The defendant was tried with de la Osa in 2011. Both defendants moved for judgment of acquittal, arguing they could not be criminally liable for the acts of the other suppliers. Godinez, 192 So.3d at 1290. The court denied the motions.
The defendant was convicted as charged and sentenced to three concurrent terms of nine years in prison, followed by two years of community control and ten years of probation. Id, In the defendant’s appeal, he argued the State failed to prove the existence of a single unified enterprise, but did not argue -the defendant was not involved in the predicate acts necessary to support a conviction on the racketeering count. We affirmed per curiam. Godinez v. State, 138 So.3d 1039 (Fla. 4th DCA 2014) (table).
In de la Osa’s direct appeal, we assessed the rimless hub-and-spoke conspiracy, noting that “there was no proof of interdependence between de la Osa and [the hub’s] drug suppliers” and that there was no connection between de la Osa, Godinez, and Cruz from which the jury could determine that de la Osa knew of the larger conspiracy, de la Osa, 158 So.3d at 726.
The State admitted the defendant and de la Osa were not involved in the predicate offenses, other than the scheme to defraud. Id. at 727. “So as to the other counts, as to [the] other predicates as to Mr. de la Osa, as to all the predicates as to Mr. Godinez, it all rides on their participation in the ... underlying scheme to defraud as.detailed in the Mail and Wire Fraud.” Id. The State’s proof was simply insufficient to sustain de la Osa’s racketeering conviction because the State failed to establish his participation in the requisite two predicate acts. Id. at 732.
Here, the defendant makes the same argument that was successful for de la Osa—the State failed to establish a pattern of racketeering activity. The State responds that the defendant did not have to know the full scope of the conspiracy or agree to commit all of the predicate crimes to be vicariously liable for the predicate acts committed by others.
We have de novo review of the trial court’s decision on a motion for judgment of acquittal. Romero v. State, 901 So.2d 260, 264 (Fla. 4th DCA 2005).
“It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.” § 895.03(3), Fla. Stat. (2008). A “pattern of racketeering activity” results from “engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents.” § 895.02(4), Fla. Stat. (2008) (emphasis added).
So, to convict a defendant of racketeering under section 895.03(3), Florida Statutes, the State must prove that the defendant participated in an enterprise through a pattern of racketeering conduct. Id. Predicate acts are specific crimes “un *106 der state law and under the federal RICO act,” such as wire and mail fraud, de la Osa, 158 So.3d at 725.
Here, the State has failed to prove the defendant participated in two or more predicate acts. The State properly used federal mail and wire fraud as predicates under Chapter 895; however, the case agent testified the defendant was not linked to any of the specific predicate incidents listed in the indictment. After going through each predicate act in Count I, which were incidents of mailings or wires that made up the larger charge of racketeering, the case agent confirmed there was no evidence linking the defendant to any of the predicate acts.
Just as the State failed to prove de la Osa engaged in two predicate acts, the State similarly failed to do so here.
The Court: You would agree when [defendant’s counsel] said you have no direct evidence with respect to [the defendant] that he was involved directly in any of the predicate acts, other than the scheme to defraud?
[The State]: That’s as to both [defendants. Only their participation in the scheme to defraud.
Id. at 727.
The mail and wire fraud predicate incidents were all based on the same underlying scheme to defraud. Because the State failed to prove the defendant participated in two or more predicate acts, the motion for judgment of acquittal on the racketeering count should have been granted.
The State attempts to support the defendant’s racketeering charge by suggesting the defendant is vicariously liable for actions taken by others after the drugs were sold by the defendant. Because the subsequent acts by others were foreseeable, the State argues the defendant was involved in them. We disagree.
As Judge Gross wrote in de la Osa: “The scheme was a ‘rimless hub-and-spoke conspiracy'—the suppliers each worked separately with [the hub] and did not have relationships with each other.” Godinez, 192 So.3d at 1289. This is a hub and spoke conspiracy, it is not a wheel that goes round and round. The defendant’s outcome therefore must be the same as de la Osa’s. We reverse the defendant’s racketeering conviction.
Reversal of a conviction “may change the sentencing guidelines range” and require a reversal of the sentences imposed on the remaining convictions. White v. State, 645 So.2d 1122, 1122 (Fla. 3d DCA 1994). Here, our reversal of the racketeering conviction will change the defendant’s sentencing guidelines range.
“Where an erroneous classification of an offense, or some other error in the sentencing guidelines scoresheet, affectfs] all counts of an information or judgment,” the sentence is subject to review. Reynolds v. State, 116 So.3d 558, 561 (Fla. 3d DCA 2013). We therefore reverse and vacate the sentences on the two remaining counts.[1]
We reverse the racketeering conviction and the sentences on the remaining counts, and remand the case to the trial court for resentencing.

Reversed and Remanded.

Damoorgian and Conner, JJ., concur.

. We find no merit in the defendant's argument that reversal of the racketeering charge requires a reversal of the conviction on the remaining counts. Nor do we find merit in the evidentiary issue raised.